## Chaefsky v. School District of Bensalem Township

*William Morrow*, for plaintiff.
*John F. McDevitt, Jr.*, for defendant.

GAFNI, *J.*, January 26, 1983—This matter involves a motion to transfer this action to Bucks County on the ground that venue is improper under Pa.R.C.P. 2103(b) or, alternatively, that Philadelphia County is not a convenient forum.

Plaintiff, Golda Chaefsky, allegedly sustained personal injuries on June 29, 1979, when she fell in the auditorium of the Bensalem Township High School in Bucks County, Pa. Plaintiffs instituted this action against the School District of Bensalem Township on June 17, 1980.

Defendant filed an answer and new matter on July 8, 1982, which raised, among other issues, the defense of governmental immunity. Defendant did

not preliminarily object to venue under Pa.R.C.P. 2103(b) which provides:

(b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.

Pa.R.C.P. 1006(e) states that "Improper venue shall be raised by preliminary objection and if not so raised shall be waived." The failure to preliminarily object to venue on the ground that suits against a political subdivision may only be brought in the county where it is located or the cause of action arose constitutes a waiver of that objection. Pa.R.C.P. 1006(d) states, in pertinent part:

(d) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought . . .

The court ordered depositions concerning the issue of forum non conveniens on October 14, 1982. Pursuant to Pa.R.C.P. 209, defendant/petitioner had the burden to elicit facts which supported its contention that trial in Bucks County would be more convenient.

Defendant did not take depositions on this issue. All factual allegations in support of its contention that Bucks County is a more convenient forum for the parties and witnesses must, accordingly, be deemed unsupported. Pa.R.C.P. 209.

Defendant argues, however, that Section 502 of the Political Subdivision Tort Claims Act, 53 P.S. §5311.502 which provides that in any action against a political subdivision "venue shall lie in the judicial district in which the cause of action occurred or where the political subdivision is lo-

cated," constitutes sufficient justification for finding Bucks County the more convenient forum. Cf. Pa.R.C.P. 2103(b).

Although the statute and rules manifest a legislative intent regarding where such actions may appropriately be instituted, they do not suggest that the right to insist on such venue may not be waived by the political subdivision or by any other party. In the instant action, the political subdivision had an intitial right to insist on jurisdiction in a specific judicial district and waived that right. That waiver did not foreclose the school district from establishing that the more convenient forum is, indeed, Bucks County. The school district, however, has presented nothing to suggest that Bucks County is the more convenient forum for these proceedings. In this regard, therefore, defendant is merely a party which differs in no respect from an individual who waived his initial right to insist on a particular jurisdiction of the action, and then further failed to demonstrate the appropriateness of transferring the action to another forum, as a matter of convenience.

Accordingly, the petition to transfer venue of this action is denied.